HALEY v. STATE EX REL. MORTIMER, DISTRICT ATTORNEY.

[67 South. 498.]

COUNTIES. *Supervisors. Vacancies: Constitutional provisions.*

Under Constitution 1890, section 1, which divides the powers of the state government into three distinct departments, the legislative, judicial and executive, and section 2 which declares that no person in one department shall exercise any power properly belonging to another department, and that the acceptance of an office in one department shall vacate an office held in another department and under section 170, declaring boards of supervisor's parts of the judicial department, and sections 227-239, recognizing levee districts as a part of the state government, the board of levee commissioners belongs to the executive department, and the acceptance by a county supervisor of membership on a board of levee commissioners "of itself and at once vacates his office as a member of the board of supervisors."

APPEAL from the circuit court of Leflore county.

HON. F. E. EVERETT, Judge.

*Quo warranto* by T. E. Mortimer, District Attorney, against J. L. Haley. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. M. Vardaman,* for appellant.

The final contention of the state is that appellant vacated the office of member of the board of supervisors when he took the oath of office and qualified as a member of the board of levee commissioners.

This contention is urged by the state on the ground that the two officers are incompatible, the incompatibility being the fact that appellant as president of the board of supervisors approved his own bond as levee commissioner. This one act of appellant is the only instance in which counsel for the state can find any antagonism between the two officers. This contention is one, I submit, that will not hold good in the case before the court.

Since time immemorial the courts of this country and England have uniformly held that offices similar to the two before the court in this case are not incompatible and that the two offices may be held by the same person at one and the same time.

The earliest holding on this question in this country, and one of the leading cases, is the case of *Commonwealth* v. *Sheriff* (Penn.), 4 Serg & Rawles, 275, 276, in which case the court held that the office of justice of the peace and the office of justice of the common pleas court were not incompatible, though the incumbent, as judge, might be called upon to give judgment in the common pleas on a judgment rendered by himself as justice of the peace.

A later case on this same subject is the case of *Peterson* v. *Culpepper*, 72 Ark. 230, 2 Am. & Eng. Ann. Cases, 378, in which case the court held that the offices of sheriff and chief of police were not incompatible. This case is reported in volume 2 of American & English Annotated Cases at page 378, and has very full annotations on the question of a person holding two offices. On page 381, *supra,* will be found a list of offices that the courts of this country have held to be compatible offices and I submit that the two offices before the court in this case come within that class and are compatible.

In conclusion, I wish to call the court's attention to the fact that the action of *quo warranto* is an extraordinary proceeding and one in which all doubts should be construed in favor of the office-holder, and should any doubts be raised by this record in the minds of your honors, I submit that they should be resolved in favor of appellant.

*Gardner, McBee & Gardner,* for appellant.

We submit that, with the one exception that appellant, as president of the board of supervisors, approved.

his bond as levee commissioner, there is not another objection of any kind whatever urged against the holding of these two offices. In this connection, we want to call the court's attention to the fact that appellant, in approving his bond as levee commissioner, acted as president of the board of supervisors.

This is not a suit directed against appellant as the president of the board of supervisors, in which capacity he acted when he approved the levee bond, but is a suit directed against him as a member of the board of supervisors. It is true, of course, that in acting as president he necessarily acted as a member of the board, and the point we make is that the objection, and only objection, urged is against appellant, not as a member of the board, especially, but against him as president of the board, an office which was given him not by his constituents, but by his fellow-members on the board of supervisors. We therefore submit that this objection is without merit and should be overruled.

*O. L. Kimbrough,* for appellee.

Again, the state relied upon the acceptance by the defendant of the office of member of the board of Yazoo-Mississippi Levee Commissioners, because said office is incompatible with and antagonistic and repugnant to the office of member of the board of supervisors.

This ground seems to be the only one considered by counsel for appellant in their brief. There is no constitutional or statutory prohibition in this respect, so far as I know, and, as stated by counsel for appellant in their brief, we are forced to go to the common law and decisions of other states for authority.

It is unnecessary, I take it, however, to cite any authority to establish the contention that no person can hold two or more incompatible offices at the same time; and that by the acceptance of one, incompatible with an-

other which he holds, the latter is thereby *ipso facto* vacated.

The question then is, whether the two offices, member of the board of supervisors and member of the board of levee commissioners are incompatible.

Under the act incorporation the board of levee commissioners, approved March 16, 1886, it is provided in section 1 that: "Each commissioner mentioned herein, shall, before entering the discharge of the duties of his office, and within thirty days from the date of his appointment, enter into bond in the penalty of five thousand dollars, with two or more freehold sureties, conditioned and payable as the bonds of other officers are required to be by sections 403 and 405 of the revised Code of 1880; and all the provisions of those two sections of said code are hereby made applicable to the official bonds required to be executed under this section of this Act. As to the approval of this official bond, executed under this section of this Act, how the sureties thereon shall be examined and giving of new bonds and the relieving of sureties, the provisions of sections 406, 407, 408, 409, 411, 412 and 413 of said code are hereby made applicable, and shall govern said levee commissioners . . ."

Under the Act approved April 2, 1892, section 1, it is provided that: "Each of said commissioners shall give bond for the faithful performance of his duties in the penalty of ten thousand dollars . . ." thereby increasing the amount of the bond from five thousand ten thousand dollars.

The provisions of the Code of 1880, *supra*, are all brought forward in practically the same form in our Code of 1906. It therefore became and was the duty of the president of the board of supervisors, the defendant in this case, among other things, to approve his own official bond as a member of the board of levee commissioners. This clearly, I submit, of itself,

brings about a repugnancy and antagonism between the offices sufficient to justify a forfeiture of the office of member of the board of supervisors.

The following offices are held in 23 Am. & Eng. Ency. Law, 334, to be incompatible: Mayor and governor; mayor of a city and any other office not judicial; mayor and prison director; major-general and colonel of a company attached to a brigade of the division commanded by the major-general; state senator and pay master of the army; member of Congress and supreme court judge; judge and member of the legislature; judge of the supreme court; and commissioner of appraisal; chancery clerk and member of the legislature; town clerk and alderman; jurat and town clerk; member of the board of health and jury commissioner; jury commissioner and police commissioner; coroner and county commissioner or justice of the peace; justice of the peace and township trustee; justice of the peace and clerk of the court; notary public and county clerk or receiver of public money; highway commissioner and sheriff; deputy sheriff and tax collector; attorney-general and prosecutor of the pleas; prosecuting attorney and representative in Congress; counsel to the health department and chief supervisor of election; trustee and school teacher; prudential committeeman and auditor of a school district; school director and deputy treasurer of a township; county commissioner and member of the county board of education; county auditor and school comptroller; supervisor of a town and superintendent of the poor; supervisor and township treasurer; superintendent of a county infirmary and member of a board of directors of the same institution or treasurer of president of the same institution; member of the board of health and sanitary policeman; city assessor and member of a board of tax commissioners; circuit court commissioner and supervisor of election; city marshal and city councilman; secretary of a city and

recorder; county commissioner and any city officer. Clerks of one class of courts cannot be made *ex officio* of another class.

COOK, J., delivered the opinion of the court.

This is a *quo warranto* proceeding instituted by the state, upon the relation of the district attorney, to oust J. L. Haley, a member of the board of supervisors of Leflore county. The evidence shows that Mr. Haley was duly elected and qualified as a member of the board of supervisors, and was chosen by the board as its president. Afterwards he was appointed by the Governor as a member of the board of levee commissioners for the Yazoo-Mississippi Delta, and qualified as levee commissioner after having approved his bond himself, acting as president of the board of supervisors. The statute provides that the bond of each levee commissioner shall be approved by the president of the board of supervisors of the county of the commissioner's residence. The state contends that, when Mr. Haley accepted the appointment and qualified as a member of the board of levee commissioners, this, of itself, vacated his office as a member of the board of supervisors.

Section 1 of article 1 of the Constitution of this state is in these words.

"The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to wit: Those which are legislative to one, those which are judicial to another, and those which are executive to another."

Section 2 of article 1 reads this way:

"No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices

held by the person so accepting in either of the other departments.''

By section 170 of article 6 of the Constitution boards of supervisors are made a part of the judicial department of the state.

Article 11 of the Constitution refers to the two most important levee districts, and they are recognized as a part or subdivision of the state government. We think the board of levee commissioners belongs to the executive department, but, whether that be true or not, it is very certain that it does not belong to the judicial department.

Mr. Haley, while holding an office in the judicial department, accepted an office in the executive department, and this ''of itself, and at once,'' vacated his office as a member of the board of supervisors of Leflore county.

*Affirmed.*