[No. 2704.   Oct. 10, 1922.]

## STATE v. COLLINS

### SYLLABUS BY THE COURT

Sections 1670, 1671, 1672, Code 1915, interpreted and **held** to provide for the prosecution of assistant district attorneys for attempted bribery, which is a felony and must, consequently, be prosecuted by indictment, and not by information. This statute is **held** to exclude the operation of the common law of bribery.

Appeal from District Court, Union County; Leib, Judge.

C. L. Collins was convicted of bribery, and he appeals. Reversed and remanded, with directions.

Crampton, Phillips & Darden and H. A. Kiker, all of Raton, and O. P. Easterwood, of Clayton, for appellant.

Harry S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for State.

## OPINION OF THE COURT

PARKER, J. Appellant was prosecuted by information, containing 14 counts, charging bribery in his capacity of assistant district attorney. The Attorney General confesses error in the instructions of such gravity as to necessitate a reversal. We have examined the instructions and agree fully with the Attorney General. Both appellant and the state, however, ask the court to discuss some of the propositions involved, and one, which goes to the validity of the whole proceeding, will be considered.

The prosecution proceeded upon an information, and not an indictment. This could be justified, of course, only upon the theory that the offense is a misdemeanor, and not a felony, prosecutions for felony being prohibited by section 14 article 2 of the state Constitution, except upon presentment or indictment by a grand jury. If the offense, then, is felony, the proceeding by information was unwarranted. The prosecution proceeded upon the theory that there is no statute covering the case, and that appellant could be prosecuted for an offense under the common law which was a misdemeanor. Appellant contends that the case is covered by the statute which makes the offense a felony, and consequently no prosecution could be had by information. The statute (sections 1670, 1671, and 1672, Code 1915) is as follows:

"Sec. 1670. Every person who shall give any sum or sums of money or any other present or reward directly or indirectly or who shall make any promise, contract, obliga-

tion or security for the payment or delivery of any money, present or reward or other thing of value to any supreme judge, distict judge, or justice of the peace acting within the state, in order to obtain or procure any opinion, judgment or decree or to influence or corrupt any such judge or justice to be more favorable to one party than to the other in any cause or action or suit or matter pending or to be brought before said judge or justice; or shall directly or indirectly give any sum or sums of money, reward, or present or make any promise, contract, obligation or security for the payment or delivery of any money, reward or present or other thing of value for the purpose of obtaining, securing or influencing the vote of any alderman, member of a city council, or town or village board of trustees, or any member of the Legislature of the state, or for the purpose of influencing any such alderman or member of city council or board of trustees or of the Legislature of the state, to be more favorable to one side in any action, election, appointment, matter or thing pending or to be brought before any city council, town or village board of trustees or the Legislature of either house of the Legislature, than to the other; and every person who shall give any money, present, reward, promise, contract, obligation or security or other thing of value, as aforesaid, for the purpose of bribing any of the person or persons hereinbefore named and the judge, justice of the peace, alderman, member of the board of trustees of any town or village, or member of the city council or member of the Legislature of the state or of either house thereof, who shall in any way accept or receive or agree to accept or receive said money, present, reward, promise, contract, obligation or security for the payment of money or any other thing of value, shall be deemed guilty of bribery, and upon conviction thereof shall be punished by imprisonment for a term of not less than one year nor more than five years. And forever be disqualified from holding office.

"Sec. 1671. Every person who shall directly or indirectly give any sum or sums of money or any present, or reward or any promise, contract, obligation or security, for the payment of money, or shall give any other thing of value to any judge sitting within the state, or any justice of the peace, or state or county officer, or any officer or employe of any city, county, town or village within the state, or any member of the Legislature or of either house thereof, or any other ministerial or judicial officer within the state, with intent to induce or influence such officer to appoint any person to any office or to execute any of the powers in him vested or to influence his action with reference to any matter pending before the said officer, or to perform any duty required of him otherwise than is required by law, with favor or partiality or any consideration, that such officer or officers shall appoint any particular person to any office, shall be guilty of bribery and upon conviction thereof shall be pun-

State v. Collins, 28 N. M. 230

ished by imprisonment for a term of not less than one year nor more than five years."

"Sec. 1672.    Every person who shall offer or attempt to bribe any member of the Legislature or either house thereof, any alderman or member of any city council, or any member of any board of trustees of any town or village, or any county or city officer, or other ministerial or judicial officer, including any judge or justice sitting within the state, in any of the matters or things mentioned in the two preceding sections, and every person who, being a member of the Legislature, alderman, or member of a city council or board of trustees of any town or village, or any county officer or other ministerial or judicial officer within the county or state, who shall agree or propose to receive any bribe or thing of value in any of the cases mentioned in the two preceding sections, shall be guilty of attempted bribery and upon conviction thereof shall be fined in a sum not less than one hundred dollars nor more than one thousand dollars or by imprisonment not less than one year nor more than two years or by both such fine and imprisonment."

It is apparent that section 1670 has no application to this case for the reason that district attorneys are not included in the list of officers mentioned, either specifically or by any generic terms.    Section 1671 is designed to punish the person who bribes the officer, and not to punish the officer for receiving the bribe.    It does include, however, any state officer, of which a district attorney is one.    State v. Romero, 17 N. M. 88, 125 Pac. 617.    Section 1672 provides for the punishment of attempted bribery and includes, after naming various classes of officers, "any other ministerial or judicial officer within the county or state."    In State v. Romero, 17 N. M. 88, 125 Pac. 617, we held that a district attorney is a quasi judicial officer.    We now wish to go further and say that a district attorney is a judicial officer in the sense in which those words are used in section 1672, Code 1915.    The office is created and the duties of the officer are broadly defined by section 24 of article 6 of the Constitution, which is the article establishing the judicial department of the state government.    It was evidently intended by the constitutional convention to so classify the office, and the statute in question was enacted subsequent to the adoption of the Constitution, and necessarily with that constitutional classification in view.

This conclusion is objected to by the Attorney General, and he argues that under the ejusdem generis doctrine a district attorney is excluded from the statute. The argument proceeds along the line that, as District Attorney's are not specifically mentioned in the section, and judges and justices are so mentioned, the officers included in the statute must be of exactly the same character as those mentioned But the rule of ejusdem generis is merely a rule of construction adopted to ascertain the legislative intent. It is not applicable cases like this where the specific words indicate subjects widely differing from one another. Here the officers named are members of the Legislature, alderman or member of a city council, member of board of trustees of a town or village, and county or city officer, or other ministerial or judicial officer, including any judge or justice sitting within the state. The generic words precede the specific enumeration of judicial officers, and the context clearly indicates that the general terms were not intended to be exhausted by the enumerated instances. See on this subject 25 R. C. L. Statutes, § 240; Jones v. State, 104 Ark. 261, 149 S. W. 56, Ann. Cas. 1914C, 302, and note.

It appears, then, that the statute covers the case of an assistant district attorney who agrees to accept a bribe, and that the offense is a felony. It is true that the offense is denominated as attempted bribery, but the quality of the act is the same when the officer agrees to accept a bribe as when he actually accepts it. There is, indeed, much authority to the effect that an offer to bribe is, at common law, bribery itself. See State v. Ellis, 33 N. J. Law, 102, 97 Am. Dec. 707, and note. It is likewise true that the statute fails to provide, in terms against the completed offense in regard to district attorneys. But it is clear that the Legislature intended to include district attorneys in the provisions covering this subject, and, if so, there is no room for the operation of the common law. To hold otherwise would lead to palpable absurdity. The punishment for attempted bribery may be a fine of $1,000 and imprison-

ment in the penitentiary for two years, while the punishment for the completed offense, if it is merely a common-law misdemeanor, can be, under section 1455, Code 1915, only a fine up to $200 and imprisonment in the county jail for three months.

We therefore hold that prosecutions in this class of cases must be by indictment, and not by information.

It follows from all of the foregoing that the judgment is erroneous and should be reversed, and the cause remanded, with directions to dismiss the same and to discharge the appellant; and it is so ordered.

RAYNOLDS, C. J., concurs.