680 P.2d 601

**In the Matter of the Applicability of AMENDED CANON 7 OF the CODE OF JUDICIAL CONDUCT: Magistrate Judge Gloria LYONS.**

Supreme Court of New Mexico.

May 3, 1984.

---

**ORDER**

It is the order and judgment of the Supreme Court that the order of this Court entered on March 12, 1984, effective April 1, 1984, amending NMSA 1978, Code of Judicial Conduct, Canon 7 (Repl.Pamp. 1983), is reaffirmed.

This Court strongly believes that the amendment to Canon 7 is in the best interest of the public and of the judicial system in limiting, to some extent at least, participation in official duties by a judge, when that judge undertakes to enter the processes for nomination or election to a nonjudicial office, such as the office of district attorney.

The amendment made the existing language Paragraph A, and added Paragraphs B and C. The new language reads as follows:

B. Notwithstanding other provisions of the Code of Judicial Conduct, no judge may be nominated or elected to other than a judicial office. A judge must, when filing a statement of candidacy for a nonjudicial office, take a leave of absence without pay pending the results of the nominating process or until after the primary. Once nominated or placed on the ballot for a nonjudicial office, the judge must resign judicial office immediately.

C. For the purposes of this Canon, a judge is any part-time, full-time, elected or appointed person serving in any judicial office in New Mexico.

All magistrate and municipal judges were advised by letter or memorandum from the Administrative Office of the Courts of the amendment to Canon 7.

After the amendment was promulgated, a legitimate question arose as to whether filing as a candidate for the office of district attorney by Magistrate Judge Gloria Lyons of Hobbs, New Mexico, would be in violation of the amendment to Canon 7 if she did not, at the same time, take leave without pay. In a conference meeting, the Supreme Court determined that filing for office of district attorney would be subject to Canon 7. Judge Lyons was advised by letter of April 17, 1984, of the Court's position. Thereafter, on April 23, 1984, Attorney Don Salazar, on behalf of Judge Lyons, requested that this Court reconsider its position in view of the fact that Judge Lyons had been previously advised by counsel that the office of district attorney was a "judicial office." It was counsel's opinion that Judge Lyons would not be subject to the provisions of Canon 7, if she were to file in the primary election as a candidate for district attorney. It appears that Judge Lyons relied in good faith upon that advice. An additional basis for the request for reconsideration was language

found in *State v. Collins,* 28 N.M. 230, 210 P. 569 (1922).

This Court has repeatedly held that the office of district attorney is a *quasi-judicial* office, not a *judicial office. Candelaria v. Robinson,* 93 N.M. 786, 606 P.2d 196 (Ct.App.1980); *State v. Chambers,* 86 N.M. 383, 524 P.2d 999 (Ct.App.), *cert. denied,* 86 N.M. 372, 524 P.2d 988 (1974); *Ward v. Romero,* 17 N.M. 88, 125 P. 617 (1912); *cf. State v. Collins,* (assistant district attorney is "judicial officer" *for purposes of* NMSA 1915, Section 1672, which made it a felony for "judicial officers" to agree to accept a bribe). It was the policy of this Court prior to the adoption of the amendment to Canon 7, and upon adoption of the existing canons, that *judicial office,* as that term was used in the amendment to Canon 7, includes every justice and judge enumerated in the Constitution and in the laws of the State of New Mexico. That term does not include the office of district attorney.

As we have stated previously, Judge Lyons has acted in good faith. This Court will not request any action or other proceedings be undertaken based upon her actions up to today. However, Judge Lyons is expected to comply with Canon 7, as amended, from today forward.

This Order shall be published in *The State Bar of New Mexico's News and Views* and the *New Mexico Reports.*

IT IS SO ORDERED.

/s/ William R. Federici
William R. Federici,
Chief Justice

/s/ Dan Sosa, Jr.
Dan Sosa, Jr.,
Senior Justice

/s/ William Riordan
William Riordan,
Justice

/s/ Harry E. Stowers, Jr.
Harry E. Stowers, Jr.,
Justice

/s/ Mary C. Walters
Mary C. Walters,
Justice