370 S.E.2d 619

James P. **FELTZ**

v.

Paul **CRABTREE**, as Administrator of
the Supreme Court of Appeals.

No. 18354.

Supreme Court of Appeals
of West Virginia.

June 22, 1988.

Ross Maruka, Charles E. Anderson, Fair-
mont, for appellant.

John M. Hedges, Charleston, for appel-
lee.

BROTHERTON, Justice:

In this petition for a writ of mandamus,
Magistrate James T. Feltz asks this Court
to overturn its administrative position that
a magistrate must resign his office before
declaring his candidacy for the office of
circuit clerk. After review of the petition
and briefs, along with the relevant consti-
tutional and ethical provisions, we are of
the opinion that the office of circuit clerk is
not a "judicial office," and we therefore
deny the petition.

James T. Feltz is a magistrate in Marion
County, West Virginia. He assumed office
on January 1, 1985. On February 5, 1988,
Feltz filed as a candidate for the office of
Circuit Clerk of Marion County. On Febru-
ary 17, 1988, Magistrate Feltz was notified
by the Administrative Director of the Su-
preme Court of Appeals that, based on an
administrative directive of this Court dated
January 13, 1986, a magistrate must resign
the position of magistrate in order to seek
the office of circuit clerk. Pursuant to that
directive, the administrative director re-
moved Magistrate Feltz from the payroll
effective February 17, 1988. By a petition
for writ of mandamus filed March 18, 1988,
Magistrate Feltz asked this Court to order
the administrative director to reinstate him
to the payroll effective February 17, 1988.

Article VIII, § 7 of the West Virginia
Constitution provides:

No justice, judge or magistrate shall
hold any other office, or accept any ap-
pointment or public trust, under this or
any government; *nor shall he become a
candidate for any elective public office
or nomination thereto, except a judi-
cial office;* and the violation of any of
these provisions shall vacate his judicial
office.

(emphasis added). Similarly, Canon 7 A(3)
of the Judicial Code of Ethics provides:

*A judge should resign his office when
he becomes a candidate either in a par-
ty primary or in a general election for
a non-judicial office,* except that he may
continue to hold his judicial office while
being a candidate for election to or serv-
ing as a delegate in a state constitutional

convention, if he is otherwise permitted by law to do so.

(emphasis added). Thus, under both provisions a magistrate must resign his office upon becoming a candidate for office, unless that office is a "judicial office."

We have no West Virginia cases defining the term "judicial office." The petitioner relies in large part on the decision of this Court in *Rutledge v. Workman*, 175 W.Va. 375, 332 S.E.2d 831 (1985). There, in syllabus point 2, the Court held:

> The judicial article (Article VIII) of the *W.Va. Const.* creates the office of clerk of the circuit court and the circuit clerk is an officer within the judicial system. . . .

The actual issue in that case was whether the clerk of a circuit court must follow an order issued by the chief circuit judge. The Court held that the clerk of the circuit court is subject to the overall administrative control and direction of the Supreme Court of Appeals and the Administrative Director of the Supreme Court of Appeals, and is subject to the day-to-day supervision of the chief circuit judge of the circuit in which the clerk serves. 175 W.Va. at 380, 332 S.E.2d at 836. The case has little or no bearing on whether a circuit clerk is a "judicial officer," although syllabus point 2 does say that the clerk is "an officer within the judicial system." As for the actual status of the circuit clerk, the Court in *Rutledge* did say that "because these clerks are elected, they have a hybrid status—half county official: half judicial officer," 175 W.Va. at 379, 332 S.E.2d at 835, leaving open the question presented in this case.

The respondent argues that a circuit clerk is not a judicial officer because the clerk does not exercise judicial power. Although the clerk is part of the judicial branch of government, the respondent asserts that the clerk is not the kind of judicial officer contemplated by the constitution or the Judicial Code of Ethics.

Article VIII, § 7, read in its entirety, supports the respondent's position. The section speaks repeatedly of "justices, judges and magistrates." It seems unlikely that the drafters of the section intended to include anyone other than justices, judges and magistrates in the term "judicial officers," without any further definition. Similarly, the "judges" subject to the Judicial Code of Ethics are justices, judges, and magistrates. Judicial Code of Ethics Canon 7 commentary. It follows that "judicial office" as used in Canon 7 A(3) would contemplate the same parties.[1]

For the reasons stated, we conclude that the office of circuit clerk is not a "judicial office" as that term is used in W.Va. Const. art. VIII, § 7 and Canon 7 A(3) of the Judicial Code of Ethics. The writ requested is therefore denied.

Writ denied.

---

1. In a similar case involving New Mexico's version of Canon 7 of the Code of Judicial Ethics, the Supreme Court of New Mexico held that "judicial office" means justices and judges, and does not include the office of district attorney. *In re Applicability of Canon 7,* 101 N.M. 220, 680 P.2d 601 (1984).