687 So.2d 744 (1997)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
John W. WHITTEN, III.
No. 96-CC-00435-SCT.
Supreme Court of Mississippi.
January 30, 1997.
Luther T. Brantley, III, MS Comm. Judicial Performance, Jackson, for Petitioner.
John W. Whitten, III, Sunmer, pro se.
En Banc.
DAN LEE, Chief Justice, for the Court:
This cause comes to the Court pursuant to findings by the Mississippi Commission on Judicial Performance. On information and belief and acting upon a sworn citizen complaint of Randy A. Cox, John Phillip Spinosa and Tod D. Logan, the Commission charged John W. Whitten, III, with judicial misconduct constituting conduct prejudicial to the administration of justice which brings the judicial office into disrepute as set forth in Section 177A, Mississippi Constitution of 1890, as amended.
The Commission heard and considered the evidence and testimony, and found that at all times during these proceedings and that time period covered by the formal complaint in this cause, Judge John W. Whitten, III, was and is the Municipal Judge for Oakland, Tutwiler and Webb, Mississippi municipalities.
The Commission further found that, although all of the actions taken by Judge Whitten that are complained of in this cause were not taken in any official capacity, Judge Whitten's actions were so serious in nature and possibly life threatening, that they could not be overlooked. Further, said actions fell squarely in conflict with and in violation of Canons 1 and 2A of the Mississippi Code of *745 Judicial Conduct and in violation of Section 177A of the Mississippi Constitution of 1890, as amended. It was the opinion of the Commission that Judge Whitten's actions constituted conduct prejudicial to the administration of justice which brought the judicial office into disrepute.
The Commission recommends that the serious nature of the actions of Judge John W. Whitten, III requires, at a minimum, a public reprimand with a fine of $2,500 plus all costs of these proceedings.

STATEMENT OF THE CASE
This cause was heard by a panel of the Mississippi Commission on Judicial Performance, comprised of Judge Frank M. Coleman, Presiding Member, Judge John C. Love, Jr. and Mr. William Ed Younk. The panel was called as a result of three formal complaints having been filed against Judge Whitten for actions taken by him against three separate individuals, namely, Cox, Spinosa and Logan. A formal complaint was filed against Judge Whitten on August 28, 1995.
The panel having heard and considered the evidence and testimony and submitted its findings of fact, conclusions and recommendations, the full Commission then considered the record, the committee's findings of fact, conclusions and recommendation, and objections submitted by Judge Whitten. The Commission recommended a public reprimand and a $2,500 fine. Erik M. Lowrey, a member of the Commission, dissented to the Commission's recommendation, instead recommending the removal of Judge Whitten from office and requiring the forfeiture and repayment of all salary Judge Whitten received as municipal court judge subsequent to the date of the incident in question.
The Commission's majority recommendation is now before this Court for review pursuant to Rule 10 of the Rules of the Mississippi Commission on Judicial Performance.

STATEMENT OF THE FACTS
During these proceedings and that time period covered by the formal complaint in this cause, Judge John W. Whitten, III, was and is the Municipal Judge for Oakland, Tutwiler and Webb, Mississippi municipalities.
The basis of the three formal complaints against Judge Whitten stem from the same set of facts which occurred on the same day and time but involved three separate individuals.
Judge Whitten appeared before the hearing panel without legal counsel, representing himself, and Wyatt Collins represented the Commission on Judicial Performance.
On or about March 19, 1995, Cox, Spinosa and Logan drove onto a tract of land being farmed and leased by Cox's brother, whom Randy Cox was helping with the operation.
Judge John W. Whitten, III, with the assistance of several friends, stopped at gun point the vehicle in which Cox, Spinosa and Logan were riding. Not only was Judge Whitten armed with a loaded pistol but so were his friends who assisted him.
Judge Whitten stopped the vehicle on his neighbor's property, in which he admits to having no lawful interest. Judge Whitten avers some form of easement in an alleged landing strip which is on the neighbor's property.
Judge Whitten fired several shots to stop the vehicle in which Cox, Spinosa and Logan were riding. The direction in which said shots were fired by Judge Whitten remains in dispute. The panel did find, however, by Judge Whitten's own testimony, that he did in fact eventually shoot out a tire on the vehicle causing it to come to a stop.
After the vehicle was stopped, Cox, Spinosa and Logan were removed from the vehicle at gunpoint and under Judge Whitten's specific orders and demand.
Judge Whitten, not recognizing any of the complainants after they were removed from the vehicle, ordered them on the ground. The orders again were under threat of loaded weapons, which both Judge Whitten and his associates were carrying. The complainants were detained for an undetermined period of time, and Judge Whitten made threats of serious bodily harm and possible death while he made inquiry concerning their identities *746 and reasons for being on his neighbor's property and his alleged air field or landing strip.
While on the ground, handcuffs were placed on the complainant, Cox, by order of Judge Whitten, who continued his inquiry under threat of bodily harm with his loaded weapon in hand.
The three complainants were then escorted, under armed guard, from the property where they had been stopped, across the road on to Judge Whitten's private property where he keeps some form of camp and firing range. There the complainants reached an agreement with Judge Whitten to leave the premises if no one would file any charges against Judge Whitten for the so-called misunderstanding which had occurred.
During the entire incident described, Judge Whitten acted as if in charge. He was giving orders and commands to his associates and orders to the complainants, while holding a loaded pistol which he discharged numerous times, including shooting out the tire on Cox's vehicle.
All of the above actions were directed by Judge Whitten under threat of loaded weapons and with the use of handcuffs and the assistance of associates who also carried loaded weapons and acted under Judge Whitten's command.
It is disputed whether any of the weapons were actually aimed at the three complainants or fired in their direction, but there is no dispute that the weapons were present and some were fired.

STANDARD OF REVIEW
The appropriate standard of review for a judicial disciplinary proceeding was stated by this Court in Comm'n on Jud. Perf. v. Gunn, 614 So.2d 387 (Miss. 1993):
This Court conducts de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Mississippi Judicial Performance Commission. Mississippi Judicial Performance Commission v. Peyton, 555 So.2d 1036 (Miss. 1990); In re Collins, 524 So.2d 553 (Miss. 1987); In Re Inquiry Concerning Garner, 466 So.2d 884 (Miss. 1985); In Re Brown, 458 So.2d 681 (Miss. 1984). Although this Court considers the recommendations of the Commission, we are in no way bound by them and may also impose additional sanctions. Mississippi Judicial Performance Commission v. Peyton, 555 So.2d 1036 (Miss. 1990); In re Collins, 524 So.2d 553 (Miss. 1987).
Gunn, 614 So.2d at 389.
Rule 10(E) of the Rules of the Mississippi Commission on Judicial Performance provides further guidance:
Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission. In the event that more than one (1) recommendation for discipline of the judge is filed, the Supreme Court may render a single decision or impose a single sanction with respect to all recommendations.
Although this Court is not bound by the Commission's findings, they are given great deference when based on clear and convincing evidence. Miss. Comm'n on Jud. Perf. v. Chinn, 611 So.2d 849, 850 (Miss. 1992) (citing Miss. Jud. Perf. Comm'n v. Hopkins, 590 So.2d 857 (Miss. 1991)).

DISCUSSION OF THE LAW
The foundation for the Commission's recommendation is derived from Section 177A, Mississippi Constitution of 1890, as amended and Canons 1 and 2A of the Mississippi Code of Judicial Conduct. Article 6, Section 177A provides that:
On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: . .. (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; ... or (e) conduct prejudicial to the administration *747 of justice which brings the judicial office to disrepute... .
The Mississippi Code of Judicial Conduct provides in part:
CANON 1
A Judge Should Uphold the Integrity and Independence of the Judiciary
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
CANON 2
A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
The Mississippi Commission on Judicial Performance found by clear and convincing evidence that by his conduct Judge Whitten violated Canons 1 and 2(A) of the Code of Judicial Conduct as well as Section 177A of the Mississippi Constitution of 1890, as amended.
The first issue before this Court is whether the Commission correctly found that Whitten's conduct was wilful and intentional and that such misconduct brought the judicial office into disrepute. It is the opinion of the Court that the Commission was correct.
This Court has explained that:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith... .
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
Miss. Comm'n on Jud. Perf. v. Ishee, 627 So.2d 283, 289 (Miss. 1993) (quoting In re Quick, 553 So.2d 522, 524 (Miss. 1989)) (emphasis in original).
Whitten's actions were a clear violation of Canons 1 and 2(A) of the Code of Judicial Conduct which states in part, "[a] judge should participate in establishing, maintaining, and enforcing, and should [himself] observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved." The commentary to Canon 2 reads in part:
Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. He must expect to be the subject of constant public scrutiny. He must therefore accept restrictions on his conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.
Whitten admitted to the Commission that he "very likely made an error in judgment, and hindsight has got 20-20 vision... . I believe I may have overreacted." Prior to the hearing, Whitten filed his Motion to Dismiss For Lack of Jurisdiction alleging:
neither of the charges in this file show any judicial misconduct attributable to the Respondent [Whitten] whatsoever, in that said Respondent is a part time Judge, and all activities complained of took place outside *748 of the jurisdiction of any Court upon which he sits, and involves no other party who resides within the jurisdiction of any Court upon which he sits.
.....
There is no showing that any conduct of the Respondent is prejudicial in any way to the administration of justice.
.....
There is no showing that the office of Municipal Judge was brought into disrepute by any of the charges brought against said Respondent.
No formal response was made on Whitten's motion. The panel's findings and conclusions did address Whitten's allegations and found them to be without merit.
As this Court stated in Comm'n on Judicial Performance v. Gunn:
The official integrity of the justice court judges is vitally important, for it is on that level that most citizens have their only experience with the judiciary. In Re Inquiry Concerning Garner, 466 So.2d 884, 887 (Miss. 1985). Therefore, it is imperative for justice court judges to conduct themselves with the utmost diligence in order to uphold the public's confidence.
Gunn, 614 So.2d at 389-90.
Whitten's position as a municipal court judge incurred upon him the same responsibility as that expected and imposed on Gunn. This includes maintaining a level of integrity, in both his professional and personal life, that most ordinary citizens are not required to meet. Whitten's actions in regard to this incident showed that he acted "intentionally, or with gross unconcern for [his] conduct" in violating canons of the Code of Judicial Conduct and thereby bringing his judicial office into disrepute.
The next issue before this Court is whether the Commission's recommendation, to publicly reprimand and fine Whitten, should be accepted and imposed or another sanction or sanctions be imposed. This Court has held that if the complaints against a judge constitute more than one of the proscribed categories pursuant to our State constitution, multiple sanctions may be imposed. Ishee, 627 So.2d at 284, (citing In re Branan, 419 So.2d 145, 147 (Miss. 1992)).
This Court has announced certain mitigating factors that should be considered in determining whether a reprimand should be public. Id. at 289. These include length of service; positive contributions made by the judge to the courts and the community; lack of prior judicial precedent on the incident in issue; commitment to fairness and innovative procedural form on the part of the judge; the magnitude of the offense; the number of persons affected; and whether moral turpitude was involved. Id. (citing Miss. Jud. Perf. Comm'n v. Walker, 565 So.2d 1117, 1125 (Miss. 1990)). Unfortunately, the record does not reveal evidence of such mitigating factors.
The sanctions available to this Court for judicial misconduct, pursuant to Section 177A, include removal from office, suspension, fine or public censure or reprimand. The Commission in this case recommends that Whitten be publicly reprimanded, fined in the amount of $2,500, and assessed the costs of this proceeding for willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
In Miss. Comm'n on Jud. Perf. v. Chinn, 611 So.2d 849, 850 (Miss. 1992), this Court discussed the purpose of imposing sanctions for judicial misconduct and borrowed the following from the Nebraska Supreme Court:
The purpose of sanctions in cases of judicial discipline is to preserve the integrity and independence of the judiciary and to restore and reaffirm public confidence in the administration of justice. The discipline we impose must be designed to announce publicly our recognition that there has been misconduct; it must be sufficient to deter respondent from again engaging in such conduct; and it must discourage others from engaging in similar conduct in the future. Thus, we discipline a judge not for purposes of vengeance or retribution, but to instruct the public and all judges, ourselves included, of the importance of the function performed by judges in a free society. We discipline a judge to reassure *749 the public that judicial misconduct is neither permitted nor condoned. We discipline a judge to reassure the citizens of Nebraska that the judiciary of their state is dedicated to the principle that ours is a government of laws and not of men.
Miss. Comm'n on Jud. Perf. v. Chinn, 611 So.2d 849, 850 (Miss. 1992) (citing In re Kneifl, 217 Neb. 472, 351 N.W.2d 693, 700 (1984)).
This Court has held that multiple sanctions may be imposed "if the complaints against a judge constitute more than one of the proscribed categories pursuant to our state constitution." Ishee, 627 So.2d at 289 (citing In re Branan, 419 So.2d 145, 147 (Miss. 1982)). We have recognized that when dealing with judicial misconduct, the sanction or sanctions should fit the offense and be consistent with that imposed in similar cases. Chinn, 611 So.2d at 856; In re Bailey, 541 So.2d 1036, 1039 (Miss. 1989).
Whitten filed a response to the panel's findings on April 12, 1996, in which Whitten argues factual matters found against him by the panel, yet he admits that "in order to finally resolve this matter, I would willingly accept a reprimand and more moderate fine, plus reasonable costs." In light of the nature and severity of the offenses involved in the case sub judice, it is the opinion of this Court that the Commission's recommendation of public reprimand and $2,500 fine be accepted and imposed.

CONCLUSION
After careful consideration of the findings of fact and recommendations of the Commission on Judicial Performance, as well as a thorough examination of the record, we find that Whitten has violated Canons 1 and 2A of the Code of Judicial Conduct and Section 177A of the Mississippi Constitution.
We accept the Commission's recommendation of Whitten's public reprimand. We also accept the recommended fine of $2,500, and find it to be reasonable under the facts and circumstances of this case.
Therefore, this Court accepts and adopts the Commission's recommendations and will enter the appropriate order subjecting Whitten to a public reprimand, imposing a fine in the amount of $2,500 and finding that Whitten be assessed with all costs of this proceeding.
JOHN W. WHITTEN, III, IS TO BE PUBLICLY REPRIMANDED AND FINED $2,500.00 AND ASSESSED ALL COSTS OF THESE PROCEEDINGS.
PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS, JOHN L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
McRAE, J., not participating.