McARTHUR v. CAMPBELL, COUNTY JUDGE.

5-748                                                        280 S. W. 2d 221

Opinion delivered June 13, 1955.

S. Hubert Mayes, for appellant.

Frank Holt and Mehaffy, Smith & Williams, for appellee.

LEE SEAMSTER, Chief Justice. On February 9, 1955, the County Court of Pulaski County entered an order finding it necessary that certain improvements be made by remodeling and reconstruction of the County Court House, including the air conditioning thereof, and the making of other necessary repairs and improvements.

The court found it was urgently necessary to make ·such improvements for the proper and efficient conduct of the county's public business.

Architects were appointed and they filed plans for the remodeling of the court house and estimated the cost ·thereof at $175,000.

The appellant, a citizen of Pulaski County, filed a suit in the Chancery Court of the County, setting out the above facts and further alleged that the county court was preparing to call an· election, and ask the voters of the county to approve the making of such improvements and vote· a tax to pay therefor.

·He alleged that unless enjoined by the Chancery Court the County Court would call said election and expend the county funds for such purpose; and also that the action of the Court in entering said order was void for the reason that the only way the county could pay for the improvement would be under the provisions of Amendment No. 17 to the Constitution; that the amendment does not authorize the reconstruction or remodeling of a court house as provided in said order. The appellant alleged that in proceeding with said project the County Court was illegally expending the county's funds.

A demurrer was filed by the county to the complaint, the demurrer was sustained by the Chancery Court and the complaint was dismissed. This appeal is from the action of the court therein.

Amendment No. 17 provides for the construction, re-construction, or extension of any county court house— There is authority for the equipping and furnishing of buildings authorized by Amendment No. 17. See *Atkinson* v. *Pine Bluff*, 190 Ark. 65, 76 S. W. 2d 982; *Lindsay* v. *White*, 212 Ark. 541, 206 S. W. 2d 762; *Railey* v. *City of Magnolia*, 197 Ark. 1047, 126 S. W. 2d 273; *Tunnah* v. *Moyer, Mayor*, 202 Ark. 821, 152 S. W. 2d 1007.

It has been the usual thing to include telephones, heating, sewer, water and lighting facilities in the construction of court houses. Such additional equipment

has been standard work in the construction of court houses in the past. Air conditioning units are fast becoming standard equipment in the home, the office, business houses and public buildings. It, no doubt, contributes to the comfort and efficiency of all the people who have occasion to utilize its benefits.

Authority is contained in the amendment for the County Court to proceed to reconstruct the Pulaski County Court House so as to include air conditioning therein. The County Court has proceeded in a legal manner, under the provisions of Amendment No. 17, to date in this matter. The case is affirmed.

Justice McFADDIN thinks this suit is premature.