549 So.2d 962 (1989)
MISSISSIPPI JUDICIAL PERFORMANCE COMMISSION
v.
Johnny B. THOMAS, Mayor and Municipal Judge.
No. 89-CC-684.
Supreme Court of Mississippi.
October 4, 1989.
*963 Luther T. Brantley, III, Jackson, for petitioner.
Azki Shah, Clarksdale, for respondent.
En Banc.
BLASS, Justice, for the Court:
On February 13, 1989, the Mississippi Commission on Judicial Performance filed a Formal Complaint charging Johnny B. Thomas, mayor and municipal judge of the Village of Glendora, Mississippi, with judicial misconduct in violation of Miss. Const. of 1890, art VI, § 177A, as amended. The complaint charges, in Paragraph V, "Facts Common to all Counts", that Mayor Thomas was indicted in the United States District Court for the Northern District of Mississippi. Mayor Thomas entered a Plea Agreement in which he plead guilty to one count of the indictment which charged the operation of an illegal gambling business in violation of 18 U.S.C. § 1955. In an separate action, Mayor Thomas was convicted in the justice court of Tallahatchie County of the misdemeanor offenses of possession of whiskey for resale; of selling alcoholic beverage to a minor and selling beer to a minor, on August 3, 1988; and of selling beer without licenses on October 13, 1988.
The complaint also charges that Mayor Thomas holds the office of Mayor of Glendora, an executive office, and municipal judge, an office within the judicial branch; and serves as judge in cases in which the Town of Glendora is a party, in violation of Miss. Const. of 1890, art I, §§ 1 and 2.
Respondent's answer denied that he was a Municipal Court Judge; that the Commission had jurisdiction over him pursuant to Miss. Const. of 1890, art VI, § 177A; and that he was guilty of judicial misconduct constituting a violation of Miss. Const. of 1890, art VI, § 177A and Code of Judicial Conduct Canons 1, 2A, 2B, 3A(1), 3C(1)(a), 3C(1)(c), 3(1)(d)(i). Respondent admitted all allegations in Paragraph V, concerning his convictions.
A hearing was held before a Committee of the Commission on March 29, 1989. The Commission found by clear and convincing evidence that the respondent: serves or has served as municipal court judge for Glendora, in accord with Miss. Code Ann. § 21-23-5 (1988 Supp.); was convicted of a felony in the U.S. District Court for the N.D. of Miss., on December 15, 1988; and was convicted of four separate misdemeanors in the justice court of Tallahatchie County, Miss. Based upon these specific findings, the Commission found that Respondent's conduct violated Code of Judicial Conduct of Mississippi Judges Canons 1, 2A, 2B, 3A(1) and 3C(1)(d); and that his conduct constituted conviction of a felony in a court other than a state court of Mississippi and conduct prejudicial to the administration of justice which brings the judicial office into disrepute as set forth in Miss. Const. of 1890, art. VI, § 177A, as amended. The Commission recommended that Johnny B. Thomas be suspended from holding office as municipal court judge so long as he may be mayor of the village of Glendora, Miss. The Commission further recommended that this Court declare Miss. Code Ann. § 21-23-5, which allows a mayor to serve as municipal judge, to be unconstitutional, *964 pursuant to Miss. Const. of 1890, art. I, §§ 1 and 2.
We adopt, partially, the recommendation of the Commission and hereby suspend Mayor Johnny B. Thomas from holding office as municipal court judge so long as he may be mayor of the village of Glendora, Miss. We find it unnecessary to address the issue raised by the commission as to the constitutionality of Miss. Code Ann. § 21-23-5.

I.
Respondent contends that the Commission has "absolutely no authority or jurisdiction over matters involving persons outside the judiciary." He urges that any conduct alleged in the complaint occurred when he was not serving as municipal court judge and that although Miss. Const. of 1890, art. VI, § 177A allows removal, suspension, fine, or censure of a justice or judge of this state, he is not a holder of a judicial seat within the meaning of that section.
The Commission's position is that Mayor Thomas presently serves as municipal judge pro tempore; he may serve as municipal judge of Glendora under Miss. Code Ann. § 21-23-5; he has completed the required training and has served as municipal judge in the past. Mayor Thomas is presently designated municipal judge pro tempore and served in that capacity at the time of the convictions. He testified that he could serve as judge in the future if he chooses to do so.
The legislature in creating the municipal court with the mayor as judge, acted within its powers to create inferior courts. In Bell v. McKinney, 63 Miss. 187 (1885), this court held that the Miss. Const. of 1869, art. I, § 31 and art. VI, § 24 empowered the legislature to establish such inferior courts. Poplarville Sawmill Co. v. A. Marx & Sons, 117 Miss. 10, 77 So. 815 (1918), decided under the Miss. Const. of 1890, reaffirmed the holding in Bell.
The Code of Judicial Conduct requires compliance with the code by "(a)nyone, whether or not a lawyer, who is an officer of a judicial system performing judicial functions, ..." For purposes of the Code any officer performing judicial functions is a judge. A judge pro tempore is defined as a person who is appointed to act temporarily as a judge. Mississippi Code of Judicial Conduct, Miss.Rules of Court, 1989 ed. p. 507.
The Rules of the Mississippi Commission on Judicial Performance define "Judge" to include a judge of Municipal Court including someone serving as a part time or special judge. Rule 1(A)(3). Rule 2 gives the Commission jurisdiction to consider the conduct of a judge, as defined. The Commission was created by the Mississippi Legislature and by constitutional amendment to enforce the standards of judicial conduct and to protect the public from judicial misconduct and disabled judges. The rules are to be liberally interpreted so as to carry out the mandate of the electorate by its approval of Miss. Const. of 1890, art VI, § 177A, as amended. R.Miss.Comm. on Jud.Perf. 1(B), (C).
Municipal courts are validly established inferior courts. We hold that Mayor Thomas is a "judge" within the contemplation of both the Rules of the Commission and the Code of Judicial Conduct by virtue of his role as judge pro tempore of the municipal court of Glendora. This court, and the commission, has jurisdiction over Mayor Thomas via its supervision of inferior courts, and the officials of those courts. See, Miss. Const. of 1890, art VI, § 177A, as amended; Drummond v. State, 184 Miss. 738, 185 So. 207 (1939).

II.
The Commission found that Mayor Thomas was convicted of a felony in a court other than a state court. The Commission further found that Respondent was convicted of four misdemeanors in the justice court of Tallahatchie County, Mississippi and that this conduct, along with serving as both mayor and municipal judge, violates Canons 1, 2A, 2B, 3A, and 3C(1)(d) of the Code of Judicial Conduct of Mississippi Judges, thus constituting conduct prejudicial to the administration of justice which *965 brings the judicial office into disrepute. We agree as to the violation of Canons 1, 2A, 2B, and 3A. We consider the finding of the Commission with respect to Canon 3C(1)(d) to be based upon the separation of powers issue which we have declined to take up, the matter before us being resolved without our being required to examine that question. Miss. Const., art. VI, § 177A provides in pertinent part:
On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; ... or, (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute....
Mayor Thomas has served as mayor of Glendora since March 16, 1982. He attended a judicial college training session for mayors who serve as judges in July, 1985, and served as municipal judge in 1985 and 1986. Although Willie James Perkins was appointed municipal judge in January, 1986, and 1987, Mayor Thomas served as judge pro tempore from that time until the present. Therefore, the offenses enumerated were committed during Mayor Thomas' term as "judge".
Conviction of a felony is, of necessity, conduct prejudicial to the administration of justice which brings the judicial office into disrepute. In re (Lloyd) Anderson, 412 So.2d 743 (Miss. 1982). The conviction of the four misdemeanors is conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Mayor Thomas' behavior is "indicative of his disregard for the law which he has sworn to uphold." In re Chambliss, 516 So.2d 506, 508 (Miss. 1987).
Even though Mayor Thomas' misconduct was not official, on the bench misconduct, this none-the-less constituted conduct prejudicial to the administration of justice which brings the judicial office into disrepute. A judge is required to respect and comply with the law at all times in a manner which promotes public confidence in the integrity of the judiciary. Matter of Gorby, 339 S.E.2d 697 (W. Va. 1985); Code of Judicial Conduct Canon 2A (1974).
We find that the respondent's conduct constitutes conduct prejudicial to the administration of justice which brings the judicial office into disrepute.

III.
Respondent's conduct justifies removal from office, consistent with this Court's opinions in In re Hearn, 542 So.2d 901 (Miss. 1989); In re Collins, 524 So.2d 553 (Miss. 1987); In re Stewart, 490 So.2d 882 (Miss. 1986); In re Garner, 466 So.2d 884 (Miss. 1985); In re Brown, 458 So.2d 681 (Miss. 1984); In re (William) Anderson, 451 So.2d 232 (Miss. 1984); and In re (Lloyd) Anderson, 447 So.2d 1275 (Miss. 1984). The Commission recommends that Mayor Thomas be suspended from serving as municipal judge so long as he may be mayor of the village of Glendora, Mississippi. Due to the unique nature of the mayor/judge and the inexact nature of a mayor/judge's service as judge, the sanction of suspension from serving as municipal judge is analogous to removal. The reason for such a sanctions is found our opinion in In re Bailey, 541 So.2d 1036 (Miss. 1989), although the court in Bailey was dealing with a justice court judge, the rationale for severe sanctions is appropriate to the case sub judice.
There are good reasons why our justice court judges must regard scrupulously the nature of their office. In the first place, most of our citizens have their primary, if not their only, direct contact with the law through the office of the justice court judge. See In re Garner, 466 So.2d 884, 887 (Miss. 1985). The perception of justice of most of our citizens is forged out of their experiences with our justice court judges. If these judges do not behave with judicial temperament and perform their duties according to the law and by reference to the process of adjudication, there seems little hope that our citizenry at large may understand *966 and respect the legal process. Bailey, 541 So.2d at 1049.
Accordingly, it is ordered that the findings and recommendations of the Mississippi Judicial Performance Commission regarding the suspension of Mayor Thomas as Municipal Judge pro tempore of the village of Glendora, Miss. be accepted and that respondent Mayor Johnny B. Thomas be suspended pursuant to Miss. Const. of 1890, art VI, § 177A. We decline to address the issue of the constitutionality of Miss. Code Ann. § 21-23-5.
MAYOR/JUDGE PRO TEMPORE JOHNNY B. THOMAS IS HEREBY SUSPENDED FROM THE OFFICE OF JUDGE OF MUNICIPAL COURT OF THE VILLAGE OF GLENDORA, EFFECTIVE IMMEDIATELY.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.