23355

Re In the Matter of William W. PEAGLER, Judge of Probate, Berkeley County, Respondent.

(401 S.E. (2d) 416)

Supreme Court

*Atty Gen. T. Travis Medlock,* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for complainant.*

*William A. Runyon, Jr.,* of *Runyon and Kinard,* Charleston, *for respondent.*

Heard Jan. 21, 1991.

Decided Feb. 25, 1991.

*Per Curiam:*

This is a judicial disciplinary matter. In March 1990, during his term as Probate Judge for Berkeley County, respondent became a candidate in the Democratic primary election for the office of county supervisor. In November 1990, he was the Democratic candidate in the general election for that office.

Respondent continued to serve as probate judge throughout the primary and general elections. He was defeated in his campaign for county supervisor and his term as probate judge has since expired.

Canon 7(A)(3) of the Code of Judicial Conduct[1] provides in pertinent part:

> A judge should resign his office when he becomes a candidate either in a party primary or in a general election for a non-judicial office. . . .

As noted in the commentary to this cannon, its purpose is "to protect the integrity of the judicial system by preventing even the appearance that a judge's decision might be politically motivated."

It is undisputed respondent blatantly violated Canon 7(A)(3). Respondent contends, however, the canon is unenforceable because it was not precleared by the United States Attorney General before its adoption as required under § 5 of the Voting Rights Act of 1965.[2] This argument is without merit. Canon 7(A)(3) was adopted on October 12, 1973, as part of former Supreme Court Rule 33 codifying our code of judicial conduct. We are aware of no circumstances surrounding its adoption that demonstrate the potential for discrimination which would require such preclearance. *Cf. Dougherty County, Georgia, Board of Education v. White*, 439 U.S. 32, 99 S. Ct. 368, 58 L. Ed. (2d) 269 (1978).

Because respondent violated Canon 7(A)(3), he is hereby publicly reprimanded.

Public reprimand.

---

[1] Formerly Supreme Court Rule 33; now Rule 501, SCACR.
[2] 42 U.S.C. § 1973c.