BANKS, Justice,
for the Court:
In this matter we consider whether a municipal judge has violated the Code of Judicial Conduct. After reviewing the record we conclude that the recommendation by the Mississippi Commission on Judicial Performance that John T. Haltom be publicly reprimanded and fined $4,932.68 is proper and should be accepted.
I.
On February 13, 1995, Municipal Court Judge John T. Haltom, qualified for the board of supervisors of Sunflower County. Shortly after qualifying, Haltom inquired of the Mississippi Commission on Judicial Performance whether he was required to resign as judge. The Commission responded to Haltom by sending him a copy of Mississippi Commission on Judicial Performance v. Ishee, 627 So.2d 283 (Miss.1993) and a copy of Canon 7A(3), which reads:
A judge should resign his office when he becomes a candidate either in a party primary or in a general election for a nonjudicial office, except that he may continue to hold his judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention, if he is otherwise permitted by law to do so.
The Commission was advised in the latter part of June or early part of July of 1995 that Haltom was still running for supervisor and had not resigned. The Commission filed a formal complaint against John T. Haltom, *1334 Municipal Court Judge, Indianola, Mississippi. The complaint alleged that Haltom had violated Canon 7A(3) of the Code of Judicial Conduct and Article 6, Section 177A of the Mississippi Constitution. On November 20, 1995, the Commission held a hearing, which Haltom declined to attend. The Commission recommended that Haltom be publicly reprimanded and pay a fine of $4,932.68.
II.
The appropriate standard of review for a judicial disciplinary proceeding derives from Rule 10(E) of the Rules of the Mississippi Commission on Judicial Performance, which provides:
Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission. In the event that more than one (1) recommendation for discipline of the judge is filed, the Supreme Court may render a single decision or impose a single sanction with respect to all recommendations.
Miss. Com’n on Jud. Perf. v. Chinn, 611 So.2d 849, 850 (Miss.1992) (citing Miss. Jud. Per. Com’n v. Hopkins, 590 So.2d 857 (Miss.1991)). Although this Court is not bound by the Commission’s findings, they are given great deference when based on clear and convincing evidence. Chinn, 611 So.2d at 850.
A.
The Commission argues that Haltom failed to resign as municipal judge while running for a nonjudicial office, in violation of Canon 7A(3) of the Code of Judicial conduct of Mississippi Judges and Article 6 Section 177A of the Mississippi Constitution of 1890, as amended. Canon 7A(3) provides:
A judge should resign his office when he becomes a candidate either in a party primary or in a general election for a nonjudicial office, except that he may continue to hold his judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention, if he is otherwise permitted by law to do so.
In February of 1995, Haltom made an inquiry to the Commission about whether he would have to resign if he ran for the supervisor position. The Commission responded to Haltom by sending him a copy of Mississippi Commission on Judicial Performance v. Ishee, 627 So.2d 283 (Miss.1993) and a copy of Canon 7A(3). Ishee is clearly on point. Ishee dealt with a justice court judge who was running for circuit clerk position and did not resign as a justice court judge. This Court stated that Ishee’s failure to resign was a violation of Canon 7A(3). Id. This Court also specifically held that a supervisor position was a nonjudicial office for Canon 7A(3) purposes. Id. at 288. Haltom qualified for the board of supervisor position in February of 1995; he did not resign until the Commission filed this complaint against him. Thus, Haltom violated Canon 7A(3).
The next issue is whether the Commission correctly found that Haltom’s conduct was wilful and intentional and that such misconduct brought the judicial office into disrepute. The Commission was correct. Article 6, Section 177A provides in part:
On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: ... (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; ... or (e) conduct prejudicial to the administration of justice which brings the judicial office to disrepute....
This Court has held that if the complaints against a judge constitute more than one of the proscribed categories pursuant to our state constitution, multiple sanctions may be imposed. Ishee, 627 So.2d at 284, (citing In re Branan, 419 So.2d 145, 147 (Miss.1982)). This Court has explained that:
Wilful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack *1335 of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith ...
Wilful misconduct in office of necessity is conduct prejudicial to the administro-tive of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. [Emphasis added].
Ishee, 627 So.2d at 289, (quoting In re Quick, 553 So.2d 522, 524 (Miss.1989)). Haltom argues that although the Commission sent him a copy of Ishee, he was unaware that Ishee applied to him, because he was a part-time judge. The Commission cites Mississippi Commission on Judicial Performance v. Thomas, 549 So.2d 962 (Miss.1989), in which this Court held that the Canons of Judicial Performance apply equally to part-time judges. Haltom states in his brief that if the Commission had sent a copy of Thomas along with the copy of Ishee, he would have resigned back in February.
Haltom’s argument regarding Thomas is without merit for three reasons. First, the Commission is not obligated to inform a judge when his actions are in violation of the judicial canons. Second, the canons list the sections that do not apply to part-time judges and Canon 7A(3), is not in that list. Third, surely Haltom could have found out by doing minimal research that Thomas and Ishee have prohibited his conduct. Thus, the Commission was correct in finding that Haltom’s conduct was wilful and intentional and that such misconduct brought the judicial office into disrepute.
B.
This Court must determine whether to follow the Commission’s recommendation to publicly reprimand and fine Haltom. This Court has announced certain mitigating factors that will be considered in determining whether a reprimand should be public. Ish-ee, 627 So.2d at 289. These include length of service, positive contributions made by the judge to the courts and the community; lack of prior judicial precedent on the incident in issue; commitment to fairness and innovative procedural form on the part of the judge; the magnitude of the offense; the number of persons affected; and whether moral turpitude was involved. Id. at 289; (citing Mississippi Judicial Performance Commission v. Walker, 565 So.2d 1117, 1125 (Miss.1990)).
Haltom requests this Court to take into account that he has served as Municipal Judge for 18 years; that during this time no Judicial complaints were made against him; that he has been a member of the Mississippi Bar in good standing for 27 years; that he has been a public defender in Sunflower County for 17 years; that he has served as Special Master in the Chancery Court of Sunflower County; and that his moral turpitude has never been questioned.
Haltom also claims that he did not appear because his reading of Ishee was that only a private reprimand would issue if he resigned when a formal complaint was filed. The fact is that there was precedent on this issue and Haltom failed to acknowledge it or assumed its inapplicability without making an adequate inquiry. Thus, Haltom will be publicly reprimanded as was Ishee for the same violation.
Ishee was fined $5,600, the amount he earned as judge after becoming a candidate. The Commission requests that Haltom be fined $4,932.68, the amount he earned after the Commission replied to his inquiry in February. In Ishee, on the issue of the fine this Court split 5-4. Justice McRae, in dissent, stated that the fine was inappropriate for several reasons, including the fact that Ishee was a case of first impression and that imposition of a fine and a public reprimand was inconsistent with prior precedent. Ishee, 627 *1336 So.2d at 291, (McRae, J., dissenting) (citing Mississippi Judicial Performance Commission v. A Justice Court Judge, 580 So.2d 1259,1264 (Miss.1991) (private reprimand for “first time offender”)). We find that since this is not a case of first impression and that Haltom should have known that his conduct was prohibited, the fine of $4,932.68 is appropriate.
JOHN T. HALTOM IS HEREBY PUBLICLY REPRIMANDED AND FINED $4,932.68.
DAN LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, JAMES L. ROBERTS, Jr, SMITH and MILLS, JJ, concur.
McRAE, J, not participating.