The Honorable Stephen Choate Circuit Judge Sixteenth Judicial District Post Office Box 525 Heber Springs, Arkansas 72543
Dear Judge Choate:
I am writing in response to your request for an opinion on the following issue:
 Is the office of County Judge included within the definition of "non-judicial office" or "non-judicial governmental office" as those phrases are used in Ark. Code Ann. Sec. 16-10-118
(a), Ark. Const. amend. 80, § 15, and Canon 5 of the Arkansas Code of Judicial Conduct?
RESPONSE
As an initial matter, I must decline to render an opinion as to compliance with the Arkansas Code of Judicial Conduct. I note that you have also submitted a request on this question to the Judicial Ethics Advisory Committee. That Committee is the proper entity to opine on compliance with the Code of Judicial Conduct. See "Procedural Rules for the Arkansas Judicial Ethics Committee." With regard to the Arkansas Constitution, Amendment 80, § 15 and A.C.A. § 16-10-118, it is my opinion that the answer to your question is "yes," the office of county judge is a "non-judicial governmental office" and a "nonjudicial office" for purposes of those provisions. *Page 2 
It will be helpful to address the constitutional provisions first. Arkansas Constitution, Amendment 80, § 15 provides as follows:
 If a Judge or Justice files as a candidate for non-judicial governmental office, that candidate's judicial office shall immediately become vacant.
The phrase "non-judicial governmental office" is not defined in the Arkansas Constitution. It is contained, however, within Amendment 80, which was a comprehensive amendment "to revise the judicial article of the Arkansas Constitution." See Op. Att'y Gen. 2000-124 (setting the popular name of the amendment) and Senate Joint Resolution 9 (1999 Reg. Sess.) (proposing the Amendment). Amendment 80 details the composition and jurisdiction of the Arkansas Supreme Court, the Court of Appeals, the circuit courts and the district courts. Amendment 80 does not enumerate or address the "county court" or the county judge.[1] In describing the "judicial power" of the state, however, Amendment 80 states that the judicial power is "vested in the Judicial Department of state government, consisting of a Supreme Court and other courtsestablished by this Constitution." Id. at § 1 (Emphasis added). This could presumably include the "county court," which is created and empowered at Arkansas Constitution, art. 7, §§ 2 8-31. These sections, which were left unamended by Amendment 80, continue to provide as follows:
 § 28. County courts — Jurisdiction — Single judge holding court.
 The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. The county court shall be held by one judge, except in cases otherwise herein provided. *Page 3 
 § 29. County judge — Election — Term — Qualifications.
 The judge of the county court shall be elected by the qualified electors of the county for the term of two years. He shall be at least twenty-five years of age, a citizen of the United States, a man of upright character, of good business education and a resident of the State for two years before his election, and a resident of the county at the time of his election and during his continuance in office.
 § 30. Quorum court — County judge and justices of peace.
 The justices of the peace of each county shall sit with and assist the county judge in levying the county taxes, and in making appropriations for the expenses of the county in the manner to be prescribed by law; and the county judge, together with a majority of said justices, shall constitute a quorum for such purposes; and in the absence of the county judge a majority of the justices of the peace may constitute the court, who shall elect one of their number to preside. The General Assembly shall regulate by law the manner compelling the attendance of such quorum.
 § 31. County court — Terms.
 The terms of the county courts shall be held at the times that are now prescribed for holding the supervisors' courts, or may hereafter be prescribed by law.
Notwithstanding these provisions of the original Arkansas Constitution of 1874, Amendment 55 to the Arkansas Constitution, which reorganized county government, greatly circumscribed the powers of the "county court." As stated in Op. Att'y. Gen. 2003-177:
 It was stated, prior to the adoption of Amendment 55 that: "In each county there is a court, presided over by a county judge, known as the county court. . . . The county court is the principal instrument of county government and performs a mixture of executive and legislative as well as judicial tasks." Greenebaum, Arkansas' Judiciary: Its History and Structure, 18 Ark. L. Rev. *Page 4 
152 (1964). Since the adoption of Amendment 55, the county court exercises fewer powers (former powers now being exercised either by the quorum court, or by the county judge in an executive capacity). . . .
Id. at n 4.
After the adoption of Amendment 55, it is clear that a county judge exercises primarily executive functions. Amendment 55, § 3 states that the County Judge "in addition to other powers and duties provided for by the Constitution and by law," shall preside over the Quorum Court without a vote but with the power of veto; authorize and approve disbursement of appropriated county funds; operate the system of county roads; administer ordinances enacted by the Quorum Court; have custody of county property and hire county employees. It is clear under A.C.A. § 14-14-1101 (Repl. 1998) that these are "executive powers" of the county judge. See A.C.A. § 14-14-703 (describing the county judge as the "principal executive officer of the county"); A.C.A. § 14-14-1102
(a) (stating that the executive powers of the county judge enumerated in Amendment 55, § 3 are to be performed by him in an executive capacity and not by order of the county court); Reding v. Wagner, 350 Ark. 322,86 S.W.3d 386 (2002) (referring to a county judge's "executive authority" under Amendment 55, § 3); and McCuen v. Jackson,265 Ark. 819, 581 S.W.2d 326 (1979) (referring to the county judge as "an executive officer of the county" in the hiring of county employees).
Even after the adoption of Amendment 55, however, it is clear that the county judge retains at least some judicial power. As noted above, the constitutional provisions creating and empowering the county court were left unamended by Amendments 55 and 80. See also, A.C.A. § 14-14-1301
(a)(1)((iii) (Supp. 2007) (requiring the county judge to "preside over the county court and exercise those judicial and ministerial duties of the county court that were not transferred to the judge to be performed in his capacity as the chief executive officer of the county by Arkansas Constitution, Amendment 55 . . ."); and A.C.A. § 14-14-1001 — 1003 (Repl. 1998) (describing the characteristics of the county court and setting out some of the judicial powers of the county court).
Other constitutional amendments adopted since the passage of Amendment 55, however, have reassigned at least some of the remaining judicial power of the county courts to other courts. See e.g., Arkansas Constitution, Amendment 67 (requiring the General Assembly to define jurisdiction of matters relating to *Page 5 
juveniles and bastardy and to confer such jurisdiction on chancery, circuit, probate courts or separate juvenile courts). One of my predecessors thus had occasion to note that: "Although a county judge performs certain judicial functions as the `county court,' the range of those functions is extremely limited." Op. Att'y. Gen. 2001-335 at 10. In the same opinion, in interpreting whether a county judge could be deemed to be "serving in a judicial position" for purposes of the title he could use on an election ballot, my predecessor noted that " . . . the term `Judge' is commonly understood to designate a sitting trial-court or appellate jurist, whereas the term "County Judge" is commonly and properly understood to designate a primarily executive officer of county government. Id. at 5.
With that background stated, the issue for resolution under Amendment 80, § 15 is whether the office of county judge is a "non-judicial governmental office" such that a sitting circuit judge's office becomes vacant when he files for county judge. The issue in my opinion centers on whether the office sought under Amendment 80, § 15 must be completely devoid of judicial functions to be considered a "non-judicial governmental office," or whether the prohibition applies even where the office possesses some judicial authority, but is predominantly non-judicial. I have not found any judicial precedent squarely addressing the question. Cf., however, Mississippi Commission onJudicial Performance v. Haltom, 681 So.2d 1332 (Miss. 1996) (upholding sanctioning of municipal court judge who did not resign his office upon becoming candidate for county board of supervisors, which was held a "non-judicial office"); relying on Mississippi Commission on JudicialPerformance v. Ishee, 627 So.2d 283 (Miss. 1993) (upholding sanctioning of justice court judge who did not resign upon filing for circuit clerk), and Miss. Op. Att'y Gen. (Aug. 7, 1991 (1991 WL 577932)), (deferring to Commission on Judicial Performance, which concluded that a justice court judge must resign his position to run for the office of "county supervisor," which although labeled a judicial officer in the Constitution, regularly exercised legislative, executive and administrative functions); In the Matter of Peagler, 401 S.E.2d 416
(1991) (upholding reprimand of probate judge who continued to serve during primary and general election for position of county supervisor); and Matter of Amended Canon 7 of Code of Judicial Conduct: Lyons, 680 P.2d 601 (N.M. 1984) (requiring magistrate judge to take leave without pay under judicial canon when filing for "quasi-judicial" office of district attorney).
In construing constitutional provisions, the Arkansas Supreme Court will endeavor to effectuate as nearly as possible the intent of the people in passing the measure. Harris v. City of Little Rock,344 Ark. 95, 40 S.W.3d 214 (2001). In determining *Page 6 
the intention of the framers of a constitutional amendment, the court must keep in mind the situation that the amendment was meant to remedy.Gipson v. Maner, 225 Ark. 976, 287 S.W.2d 467 (1956).
With regard to the purpose of provisions restricting a sitting judge's candidacy for a non-judicial office, it has been stated that the:
 Purpose of requirements in Canon of Judicial Ethics that a judge who becomes a candidate for a nonjudicial office shall resign . . . is to keep judges ever mindful that . . . once elected to the judiciary they have assumed an office of public trust which must remain outside and distinct from partisan politics in order to maintain the independence, impartiality and freedom from bias which people have a right to expect from their judges.
Mahoning County Bar Association v. Franko, 168 Ohio St. 17,151 N.E.2d 17, 5 O.O.2d 282 (1958).
It has also been noted that such prohibitions are:
 . . . aimed at two interrelated concerns: preserving the separation of powers amongst the three branches of government and preventing judicial entanglements with politics.
 * * *
 Undergirding the constitutional prohibition against seeking nonjudicial elective office is the correlative objective of both removing and insulating judges from the political realm. While the reasons for separating the judiciary from politics are many and varied, there can be no question that the goal of removing politics and its attendant imbroglios from the judicial process is necessary to the proper functioning of our judicial system.
State ex rel. Carenbauer v. Hechler, 208 W.Va. 584, 542 S.E.2d 405, 410
(2000).
A county judge in Arkansas is elected on a partisan basis, unless he utilizes the petition process and files as an independent. See A.C.A. § 7-7-102 and 7-7-103 and e.g., Ops. Att'y Gen. 2002-116 and 94-060. Even if a sitting circuit judge runs as an independent for a partisan office, an election for an office with primarily *Page 7 
non-judicial duties will undoubtedly embroil the candidate in political and campaign issues outside the normal judicial realm. Again, the duties of a county judge involve a great many matters that are not "judicial" in nature. It appears that a campaign for county judge normally involves "partisan politics," and would therefore be within the reason for the prohibition contained in Arkansas Constitution, Amendment 80, § 15, notwithstanding that some of the duties of a county judge may be "judicial." In my opinion, therefore, the office of county judge would in all likelihood be considered a "non-judicial governmental office" for purposes of Amendment 80. In my opinion, if faced with the question, the Arkansas Supreme Court would hold that a circuit judge's office becomes vacant upon his filing for the office of county judge.
With regard to the statutory prohibition you reference, in my opinion a similar conclusion obtains. Section 16-10-118 (Supp. 2007) of the Arkansas Code provides as follows:
 (a) Whenever the holder of a judicial office in the State of Arkansas becomes a candidate at any primary or general election for a nonjudicial office, he or she shall immediately resign his or her judicial office and thereafter shall be ineligible to hold that judicial office for the balance of the term for which he or she was elected or appointed.
 (b) Any warrant issued to the holder of the judicial office after he or she shall become a candidate for a nonjudicial office shall be void.
 (c) As used in this section, "judicial office" is defined to mean the office of district judge, circuit judge, Judge or Chief Judge of the Court of Appeals, and Associate Justice or Chief Justice of the Supreme Court.
This provision has been on the books since 1959 (see Acts 1959, No. 5) and was slightly amended in both 1995 and 2003. See Acts 1995, No. 549 and Acts 2003 No. 1185, § 43. Its language is somewhat distinct from the later-adopted Amendment 80, and requires that the judicial officer "immediately resign" upon "becoming a candidate" for non-judicial office. (Amendment 80 dictates that the judge's office "become vacant" when he "files as a candidate" for non-judicial office.) The preamble to the original 1959 Act stated that "Whereas, Canon 30 of the *Page 8 
Canons of Judicial Ethics of the American Bar Association provides that if a judge should decide to become a candidate for any office not judicial, he should resign in order that it cannot be said that he is using the power or prestige of his judicial position to promote his own candidacy. . . ."
The statute above does not define the term "nonjudicial" office, but does define the term "judicial office" in delineating the sitting judges to which the proscription is applicable. As noted above, "judicial office" includes district judges, circuit judges and the appellate court Judges and Justices. The proscription clearly applies to a sitting circuit judge, who must resign if he becomes a candidate for a "nonjudicial" office. In defining the "judicial offices" subject to the proscription, however, it may be concluded that the statute, by necessary implication, also defines "nonjudicial" offices for purposes of the office sought. If an office is not listed in the definition of "judicial office," for purposes of A.C.A. § 16-10-118, it may be argued that it is necessarily a "nonjudicial office" for purposes of the statute. In my opinion, therefore, in addition to the proscription listed above in Amendment 80, which mandates that the office "become vacant" upon filing for non-judicial office, A.C.A. § 16-10-118 also requires a sitting circuit judge to resign upon becoming a candidate for county judge.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] As stated in Op. Att'y Gen. 2003-177: The "county court" strictly speaking, is neither the "county judge" nor the quorum court. It is, however, presided over by one judge, the "county judge," who, when so presiding, acts in a judicial, rather than an executive capacity."