The Honorable Gene Jeffress State Senator 1483 Ouachita 47 Louann, Arkansas 71751-8761
Dear Senator Jeffress:
I am writing in response to your request for my opinion on the following question:
 Do the provisions of Ark. Const. amend. 79, sec. (1)(d)(1)(B), which establish an assessment cap for persons who are disabled or have reached the age of 65, mean that the county assessor is to cap the person's assessment at the value during the year when he or she becomes 65 years of age or disabled regardless of when he or she applies with the assessor for the cap, or should the assessment be capped at the value of the property during the year the person applies with the county assessor for the benefit regardless of the year he or she becomes eligible?
RESPONSE
In my opinion, a person who turns 65 or becomes disabled is entitled to be taxed based upon the assessment in effect when the individual became eligible for the assessment cap under Amendment 79, irrespective of whether the individual failed to apply for the tax benefit until a subsequent year.
In my opinion, the conclusion just stated follows directly from the express language of Ark. Const. amend. 79, § 1(d)(1)(B), which provides:
 When a person becomes disabled or reaches sixty-five (65) years of age on or after January 1, 2001, that person's homestead used as the *Page 2 
taxpayer's principal place of residence shall thereafter be assessed based on the lower of the assessed value on the person's sixty-fifth birthday, on the date the person becomes disabled or a later assessed value.
In interpreting this constitutional provision, I am guided by the same rules of construction applicable to statutory laws. Knowlton v.Ward, 318 Ark. 867, 874, 889 S.W.2d 721 (1994). As the court noted inKnowlton, id.:
 The fundamental rule is that the words of the constitution or statute should ordinarily be given their obvious and natural meaning. Gipson v. Maner and Gibson v. Young, 225 Ark. 976, 980, 287 S.W.2d 467 (1956). If the language used in a constitutional provision is plain and unambiguous, the court should not seek other aides [sic] of interpretation in determining the intent of the framers and voters. Ellison v. Oliver, 147 Ark. 252, 264, 227 S.W. 586 (1921).
As more recently noted in Macsteel, Parnell Consultants v. Ar. Ok. GasCorp., 363 Ark. 22, 210 S.W.3d 878 (2005):
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545
(2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
See also Ops. Att'y Gen. 2005-072 and 2004-339. *Page 3 
In my opinion, the text of Ark. Const. amend. 79, § 1(d)(1)(B) is unambiguous with respect to the question you have posed. This provision of Amendment 79 clearly mandates that a person who becomes disabled or reaches the age of 65 will be assessed "based on the lower of the assessed value on the person's sixty-fifth birthday, on the date the person becomes disabled or a later assessed value." Nowhere in this provision is there any suggestion that this straightforward formula will in any sense be altered if an individual delays applying for the benefit. Stated simply, then, I believe there is no authority for the proposition that a qualifying taxpayer's assessment should be based upon the assessed value of his property on the date he applies for the benefit, as opposed to the date expressly stated in Amendment 79.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
 *Page 1